Our next case for oral argument this morning is 23-1928, Robbin v. City of Berwyn. Your Honors, may it please the Court. I represent, my name is Jamie Franklin, and I represent Phillip Robbin in this case, the appellant. This is an appeal from the District Court's dismissal, with prejudice, of Mr. Robbin's Section 1983 claim for violation of his substantive due process rights under the 14th Amendment. Just to set the stage, I'm not going to spend too much time on the facts, but just to set the stage. Could I ask you a question before you do that? Certainly. What specific substantive due process right? I understand bad things happened here. Yes, Your Honor. What specific substantive due process right was violated? So, our allegations of the substantive due process right that was violated is the right to free passage, to travel, to stop in public spaces, unhindered by government protection. In what case do you rely upon, what Supreme Court case do you rely upon that articulates the substantive due process right in that way? Because the way I interpret the substantive due process right that you've described is it is extraordinarily broad, extraordinarily. Your Honor, I recognize, we realize, and we certainly acknowledge that substantive due process rights have to be carefully described. But I think the cases we cited in our brief all deal with this idea of… What's your best Supreme Court case that articulates the substantive due process right in the way that you've described it? I think the best case would probably be City of Chicago v. Morales or Papa Cristo. I realize those both deal with statutes, but they talk very, very extensively about the right to move freely, that that's an important liberty protected by the due process clause. So, I think those two cases are helpful. I recognize that this court has recently looked at this issue in the case, well, not super recently, but Dover v. City of Lafayette. This court has looked at that issue and has held that substantive due process analysis is context specific. So, none of the Supreme Court cases that we've cited in our brief are, you know, specifically are exactly on point. But we think that combined with the commentary and the early cases that deal with the liberty right for free transit, we think that we've alleged a fundamental right to free passage and freedom of movement. Didn't we say more in Doe, though? Didn't we essentially suggest that this right of movement is not a fundamental right? Because we went on to say that the justices, it didn't come out in a majority opinion, and that it's not at all clear, and indeed quite improbable, that Justice Stevens undertook in this statement any type of fundamental rights analysis. Your Honor, I recognize that that's the holding of Doe, and that's a hurdle to get over. But I think the additional language in that case talks about the fact that, again, like I said, substantive due process analysis is context specific. And we think in this case, we have alleged facts that will show that we have, you know, alleged facts that show that the right to travel and the right to, not only to travel, but to exist in a public space without being asked to move along. But the problem, as you know, Ms. Franklin, is in the substantive due process rights area of the Supreme Court has said we shouldn't be creating new substantive due process rights. And so you need to articulate exactly what the right is and where it comes from. Yes, understood, Your Honor. I don't see the support for your right to movement. Your Honor, I understand, and certainly in Dobbs we got a lot of discussion about how carefully the court views substantive due process rights. What I can say is, viewing the other cases, Aptaker, Papacristo, even the earlier cases that we cited, Kent v. Dulles and Williams v. Fears, these are all cases that talk about movement and being able to actually stop in public places unhindered as fundamental rights. How does Papacristo help you when the court there didn't deal with substantive due process rights? The court struck down the ordinance at issue as void for vagueness. Yes, the court did. The case turned on whether the statute was void for vagueness, Your Honor. But I think the language in that case very colorfully and sort of thoroughly talks about the value of being able to walk or stroll or wander or basically exist in the world without having to be concerned about being detained. And that's the language that we cited in our brief that I think helps us in arguing that this is a fundamental right. And if I could, Your Honors, note that this case was dismissed with prejudice on the pleadings after the first filing, which I think is something that we need to recognize, that the court did not allow the plaintiff to re-plead. The court did not consider any of the cases the plaintiff cited or any of the cases that talked about the right to travel or the right to free passage. The court didn't even consider those cases. The court just dismissed the Section 1983 claim with prejudice without allowing the opportunity to re-plead. So even if the plaintiff needed to be more specific about how his facts fit into this right to travel or right to exist, which the court may or may not agree exists, we didn't have a chance to do that. Taking your theory at its word that Ms. Lopez violated your client's right to free passage, as you call it, the mayor's involvement, Mr. Mayor Navarro's involvement, his involvement came later after the alleged violation. Isn't that correct? Yes, that's correct, Your Honor. And so what is your theory about how he violated this fundamental right of free passage? Your Honor, thank you for that question. Mayor Navarro did get involved after the initial attack occurred. We've kind of grouped the facts of the case into sort of three categories, the attack, the aftermath, and the cover-up. So the aftermath and the cover-up are where Mayor Navarro was involved. But the aftermath and cover-up is not a violation of your client's right to free passage, right? And so I'm wondering what sort of constitutional rights you believe your client had that Mayor Navarro violated. So I guess there's two ways of addressing that. The first would be his individual liability and then also his policymaking role under Monell. But let's focus, I guess, first on the individual liability because that sounds like where we're headed. So an official can satisfy the personal responsibility requirements under Section 1983 if the official has knowledge and consents to the type of behavior, facilitates it, approves it, condones it, or turns a blind eye to it from the Gentry v. Duckworth case. And so that's the theory under which we seek to hold Mayor Navarro individually liable. You know, the facts taken as true, we think, show that the mayor's declarations like, she works for us, she will not be terminated, signal a decisive role in the incident, and definitely acquiescence, condoning the behavior that the city of Berwyn worker felt that she was free to exhibit. So we feel like, we believe the complaint alleged a systemic failure led by the mayor. So condoning, not necessarily turning a blind eye even. We think it goes as far as condoning the behavior. He refused to investigate or discipline the city worker. And he got involved himself actually blocking a FOIA request, accusing Mr. Robbins specifically of wrongdoing himself, and overseeing his own police department issuing a report in which witnesses supposedly changed stories. So these are the things that we think bring him in under that theory. Ms. Franklin, you're into your rebuttal time. If you want to save a bit. I'll save it the last 30 seconds. Thank you, Your Honors. We'll give you a minute. Thank you so much. Ms. Granfield, good morning. Good morning, and may it please the court. Cynthia Granfield on behalf of defendants' appellate. Your Honors, zeroed in on the question here on appeal, the plaintiff has failed to identify a fundamental right that would be protected under a substantive due process. As this court is aware, the Supreme Court has said long ago, even putting Dobbs to the side in Washington v. Glucksburg, that this should be carefully defined. The Seventh Circuit has followed that under many decisions, which I've cited to in my brief, including Campos v. County of Cook. Now, to the specific right that my opposing counsel is alleging, the freedom of movement, the right to locomotion, I just want to point out in the record that her complaint identified no fundamental right at all. If you look to Essay 17 in Paragraph 58, all she says is it was interfering with individuals' fundamental rights. She doesn't say what fundamental right. And then if you look at Essay 17 through 18, again, in Paragraphs 57 through 66, there's no mention as to what right is at issue. I filed my motion to dismiss, and I identified the fact that there was no fundamental right that was identified that was violated. Now, Plaintiff's counsel just indicated during her argument that she wasn't given an opportunity to amend. But here we have a situation where she didn't identify the fundamental right at issue. When I pointed out that she had not identified the fundamental right at issue, she did not exercise her automatic right to amend under Federal Rule of Civil Procedure 15A.1.B. Now, even if you were going to assume that somehow defendants were supposed to be able to divine from the pleadings what fundamental right was at issue, which I don't think adheres to any notice pleading standards and certainly doesn't adhere to Twombly v. Iqbal, if you look at the specific description of what occurred, there is no real discussion of interfering with freedom of movement or the right to locomotion as Plaintiff describes it. When you look at Essay 10 through 11, in Paragraphs 11 through 17, that describes the interaction with then-Inspector Lopez. And if you look specifically at Paragraph 14, which is on Essay 11, it says that, in fact, his freedom of movement or right to locomotion was expressly not affected by this interaction in that it says, quote, he continued toward the truck to deposit the log and, quote, when Mr. Robin began to walk towards the backyard. So while it certainly was an upsetting incident and inappropriate, nobody disagrees with that, it didn't actually even interfere with this freedom of movement or right of locomotion if the court is even going to acknowledge that such a fundamental right even exists to begin with. I think that in addition to that, the court asked some questions about the causal connection with respect to Mayor Lovero and with respect to the city. The plaintiff doesn't acknowledge or doesn't put forth a sufficient evidence that the actions of Mayor Lovero, he had to be personally involved. There had to be some sort of causal connection under Gentry v. Duckworth. There simply wasn't. He wasn't there on the scene. He didn't do anything before that to promote or encourage it. And similarly, he then can't be a final policymaker that is the moving force behind this violation, even if you assume it's a violation. They also haven't alleged anything that would establish any sort of pattern or practice with respect to inadequate training or with respect to repeated incidents. This is just an unfortunate, terrible incident that simply is not protected by the substantive due process clause because there's no fundamental right that has been alleged that was violated. And there's still, here on appeal, has been one that has not been identified. So I think it's relatively straightforward, and the court's decision dismissing the substantive due process count should be affirmed on appeal with respect to all defendants. So if the court doesn't have any other questions, I will go ahead and sit down and wish you a good day. Thank you, Ms. Granfield. Ms. Franklin, we'll give you the minute. I'm sure the court is well aware the complaints do not have to plead the law, just the facts. Our complaint is quite specific and detailed factually, and if it wasn't factually detailed enough to identify the fundamental right that we're talking about here, freedom of movement or freedom to be able to exist in a space. I don't think the facts are a problem. The facts are abhorrent. I mean, they're terrible. But that doesn't necessarily mean it rises to the level of a constitutional claim. Yes, Your Honor. So in terms of putting aside whether there's a fundamental right that has been violated, there's the second issue of whether the act was abhorrent enough, the word Your Honor used, to shock the conscience. And we think that obviously we've got case law in our brief that addresses that point. I did want to just mention I wanted to respond to one point that counsel raised. She stated that Mr. Robin could have just left. He could not have just left. Ms. Lopez called the police on him and falsely accused him of harassment. Had he tried to leave, very bad things probably would have happened at that point. He was detained. The police were called on him. So that is not a correct statement. Further discovery, and I know my time is up, just one more point if Your Honors would indulge me. Further discovery could reveal evidence supporting these allegations. We were not allowed to take discovery. The court had stayed discovery pending the motion to dismiss. While that was pending, we learned of additional incidents that were similar to this one. And had we been allowed to take discovery, there would have been a pattern that we could have established. So thank you so much, Your Honors. I appreciate your time. Thank you very much. Thanks to both counsel. The court will take the case under advisement.